IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK BRADFORD,

    Petitioner,

v.                                                                                                                   No. 19-cv-338 MV-KBM

MARK BOWEN, *et al*,

    Respondents.

## OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner Mark Bradford's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1). Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2). Petitioner asks the Court to modify his state criminal sentences for, inter alia, trafficking a controlled substance. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will grant the Motion but require Petitioner to show cause why his Habeas Petition should not be dismissed as untimely.

### I. Procedural Background[1]

In 2008 and 2009, Petitioner was arrested for various crimes involving illegal drugs, embezzlement, and racketeering. The charges generated three state criminal cases, Case No. D-202-CR-2008-05324; D-202-CR-2009-01434; and D-202-CR-2009-03556, which were consolidated before trial (together, the "Consolidated Cases"). On January 5, 2012, Petitioner signed a Consolidated Repeat Offender Plea and Disposition Agreement ("Plea Agreement"). Petitioner entered a no-contest plea to the following offenses: (1) trafficking cocaine; (2) escape

---

[1] The Court took judicial notice of the state court docket in Petitioner's criminal cases, Case No. D-202-CR-2008-05324; D-202-CR-2009-01434; and D-202-CR-2009-03556. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

from a community custody release program; and (3) conspiracy to commit racketeering. *See* Plea Agreement filed in the Consolidated Cases. The Plea Agreement contemplated a nineteen-year sentence followed by two years of parole. *Id.* The state court accepted the Plea Agreement and entered Judgment in each case on January 5, 2012. *See* Docket Sheets, Consolidated Cases. Petitioner did not appeal, and the Consolidated Cases reflect no docket activity for the next fifteen months. *Id.*

On April 2, 2013, Petitioner filed state habeas petitions in each of the Consolidated Cases. *See* Docket Sheets, Consolidated Cases. The state court denied each petition on the same day, finding the plea was knowing and voluntary. *See* CLS: Order, Motion Denied entered April 2, 2013 in each Consolidated Case. Over the next six years, Petitioner continued to file state habeas petitions or other motions seeking post-judgment relief. *See* Docket Sheets, Consolidated Cases. The New Mexico Supreme Court ("NMSC") denied certiorari relief in the most recent case on February 20, 2019. *See* Order Denying Petition in Case No. S-1-SC-37331.

On April 10, 2019, Petitioner filed the instant § 2254 proceeding. *See* Doc. 1. Although the Petition cites the most recent Supreme Court ruling, Case No. S-1-SC-37331, it is clear Petitioner challenges his underlying convictions and sentence. He contends the no-contest plea was involuntary, and his custody is unconstitutional, because: (1) he did not receive advance copies of the sentencing report; (2) counsel was ineffective; (3) the convictions violate the Double Jeopardy Clause; and (4) his due process rights were violated.

**II.** *In Forma Pauperis* **Motion**

As an initial matter, Petitioner seeks to prosecute this habeas action without prepaying the $5 filing fee. *In forma pauperis* relief is available where the petitioner's statement of assets

demonstrates he is unable to prepay the filing fee before commencing suit. *See* 28 U.S.C. § 1915(a). Petitioner's affidavit indicates he currently has no income or assets. (Doc. 2). The Court will therefore grant the Motion. Petitioner is reminded that even though prepayment is excused, he remains obligated to pay the $5 filing fee at a later time. *See* 28 U.S.C. § 1915(a).

### III. Initial Review of the § 2254 Petition

The Petition is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2254. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his

[or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, the Judgments were entered on January 5, 2012, and Petitioner did not appeal. Consequently, his conviction became final no later than February 7, 2012, the first business day following the expiration of the 30-day appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment). There was no case activity during the next year, and the one-year period expired on February 7, 2013. Any state habeas petitions filed after that date did not - as Petitioner may believe - restart the clock or otherwise impact the expired limitations period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-1143 (10th Cir. 2001). The § 2254 Petition filed on March 10, 2019 therefore appears to be time-barred.

Based on the forgoing, the Court will require Petitioner to show cause within thirty (30) days of entry of this Order why his § 2254 Petition should not be dismissed as untimely. If Petitioner concedes the point or otherwise declines to respond to this Order, the Court will dismiss this habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar ... may be raised by a court sua sponte.... [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

Wherefore,

**IT IS ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Petitioner shall file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE