# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARK BRADFORD,

    Petitioner,

v.                                                                                                No. 19-cv-338 MV-KBM

MARK BOWEN, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Mark Bradford's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1). Petitioner asks the Court to modify his state criminal sentences for, inter alia, trafficking a controlled substance. The Court previously directed Bradford to show cause why his § 2254 Petition should not be dismissed as untimely. Because Bradford did not respond, and having independently researched the state docket to confirm the time-bar, the Court will dismiss the Petition.

## I. Procedural Background

The background facts are taken from the Petition and the state court docket in Bradford's consolidated criminal cases, Case No. D-202-CR-2008-05324; D-202-CR-2009-01434; and D-202-CR-2009-03556. The state criminal filings are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

In 2008 and 2009, Bradford was arrested for crimes involving illegal drugs, embezzlement,

and racketeering. The charges generated three state criminal cases, Case No. D-202-CR-2008-05324; D-202-CR-2009-01434; and D-202-CR-2009-03556, which were consolidated before trial (together, the "Consolidated Cases"). On January 5, 2012, Bradford signed a Consolidated Repeat Offender Plea and Disposition Agreement ("Plea Agreement"). Bradford entered a no-contest plea to the following offenses: (1) trafficking cocaine; (2) escape from a community custody release program; and (3) conspiracy to commit racketeering. *See* Plea Agreement filed in the Consolidated Cases. The Plea Agreement contemplated a total sentence of nineteen-years imprisonment followed by a two-year term of parole. *Id.* The state court sentenced Bradford in accordance with the Plea Agreement and entered Judgment in each case on January 5, 2012. *See* Docket Sheets, Consolidated Cases. Petitioner did not appeal, and the state dockets reflect no activity in any of the Consolidated Cases for the next fifteen months. *Id.*

On April 2, 2013, Petitioner filed state habeas petitions in each of the Consolidated Cases. *See* Docket Sheets, Consolidated Cases. The state court denied each petition, finding that the plea was knowing and voluntary. *See* CLS: Order, Motion Denied entered April 2, 2013 in each of the Consolidated Cases. Over the next six years, Petitioner continued to file state habeas petitions or other motions seeking post-judgment relief. *See* Docket Sheets, Consolidated Cases. The Petition reflects that the New Mexico Supreme Court ("NMSC") recently denied certiorari relief on or about February 14, 2019. *See* Order Denying Petition in Case No. S-1-SC-37331; Doc. 1 at 2.

Bradford filed the instant § 2254 Petition on April 10, 2019. *See* Doc. 1. Although the Petition cites the most recent NMSC case number, S-1-SC-37331, it is clear that Bradford challenges his underlying convictions and sentence. He contends that the no-contest plea was

2

involuntary and that his custody is unconstitutional because: (1) he did not receive advance copies of the sentencing report; (2) counsel was ineffective; (3) the convictions violate the Double Jeopardy Clause; and (4) his due process rights were violated. *See* Doc. 1 at 5, 7, 8, 10.

By an Opinion and Order to Show Cause entered October 2, 2019, the Court screened the Petition under Habeas Corpus Rule 4 and determined that it was plainly time-barred. *See* Doc. 4. The Order set forth the legal standard for statutory/equitable tolling and set a deadline of November 4, 2019 for Bradford to show cause why the case should not be dismissed. (Doc. 4). Bradford did not respond to the Order.

### III. Discussion

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

3

As noted in the prior Order, the Judgments were entered on January 5, 2012, and Petitioner did not appeal. Consequently, his conviction became final no later than February 7, 2012, the first business day following the expiration of the 30-day state appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment). The Court carefully reviewed the docket sheet in each of the Consolidated Cases and determined that there was no case activity (such as a tolling motion) in the year after the Judgment became final. The Court also performed a state-court record search using Bradford's name and date of birth, which confirms that he did not inadvertently file a tolling motion in a related state case. Because there was no tolling activity in the year after the Judgment became final, the limitation period expired on February 7, 2013. As a matter of law, the state habeas petition filed after that date, on April 2, 2013, cannot restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott,* 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("[Petitioner's] petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after … end of the limitations period").

Bradford's § 2254 Petition is therefore time-barred. Because he did not attempt to demonstrate grounds for equitable tolling or otherwise respond to the Order to Show Cause, the Court will dismiss this case without prejudice. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as this Dismissal Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where

petitioner "demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Mark Bradford's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1) is **DISMISSED without prejudice**; a certificate of appealability is denied; and a separate judgment will be entered closing the civil case.

_____
UNITED STATES DISTRICT JUDGE