IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK BRADFORD,

    Petitioner,

v.   No. 19-cv-338 MV-KBM

MARK BOWEN, *et al*,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Mark Bradford's Motions to Reconsider (Docs. 8, 10) (together, the "Motions"). Petitioner asks the Court to reconsider its ruling dismissing this 28 U.S.C. § 2254 action as time-barred. Having considered his arguments and applicable law, the Court will deny the Motions.

**I.  Procedural Background**

The background facts, including the detailed timeline of state court filings, are set forth in the Memorandum and Opinion entered February 18, 2020. (Doc. 5) ("Dismissal Ruling"). The Court incorporates that Dismissal Ruling herein. To summarize, Petitioner filed the Petition on April 10, 2019. (Doc. 1). It challenges his 2012 state sentences for trafficking cocaine, escape from a community custody release program, and conspiracy to commit racketeering. The charges stemmed from three state criminal cases, Case No. D-202-CR-2008-05324, D-202-CR-2009-01434, and D-202-CR-2009-03556, which were consolidated before trial (together, the "Consolidated Cases"). Petitioner signed a consolidated plea agreement on January 5, 2012, which contemplated a nineteen-year sentence. *See* Plea Agreements in Consolidated Cases. That same day, the state court accepted the agreement and entered Judgment in each case. (Doc. 10 at 1); *see also* Judgment filed January 5, 2012 in the Consolidated Cases. Petitioner did not appeal,

and the state dockets reflect no activity in any Consolidated Case for the next fifteen months. *See* Docket Sheets in Consolidated Cases.

By an Order to Show Cause entered October 2, 2019, the Court screened the Petition under Habeas Corpus Rule 4 and determined that it was plainly time-barred. (Doc. 4) ("OSC"); *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The OSC observed that the convictions became final on February 7, 2012, the first business day following expiration of the 30-day state appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment). The habeas limitation expired one year later, on February 7, 2013. The OSC set forth the state court timeline along with the standards for statutory and equitable tolling and directed Petitioner to show cause, if any, why his Petition should not be dismissed as time-barred.

The deadline to file a response was November 1, 2019. (Doc. 4 at 5). Petitioner did not initially respond. The Court entered the Dismissal Ruling along with a final Judgment on February 18, 2020. (Docs. 5, 6). On March 5, 2020, Petitioner filed a letter alleging that he timely filed a show-cause response but that it never arrived. (Doc. 8). The Court permitted Petitioner to resubmit his show-cause response. (Doc. 9, 10). In determining whether to reconsider the Dismissal Ruling, the Court will evaluate his tolling arguments in the first instance, as though he timely filed the response. Viewing the arguments through that more lenient lens is appropriate, given the lost mail, and in any event, does not change the outcome in this case.

**III. Discussion**

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner's show-cause response does not dispute the Court's timeline. Petitioner admits that he pled guilty on January 5, 2012 and did not appeal. (Doc. 10 at 1). Absent tolling, the limitation period expired on February 7, 2013, one year after expiration of the state appeal period. *See Locke*, 237 F.3d at 1271-1273. Petitioner seeks tolling because the state court and his attorney allegedly misrepresented the appeal waiver in the plea agreement. (Doc. 10 at 1). The waiver provides:

> Unless this plea is rejected or withdrawn, Defendant gives up all motions, defenses, objections, or requests which he has made or could make concerning the Court's entry of judgment against him if that judgment is consistent with this agreement. Defendant specifically waives his right to appeal as long as the Court's sentence is imposed according

3

to the terms of this agreement.

Consolidated Repeat Offender Plea and Disposition Agreement at 5, filed January 5, 2012 in the Consolidated Cases. Petitioner contends that the state court and his attorney advised that he waived his right to appeal in the plea agreement, when in fact he did maintain a "right to appeal … if his constitutional rights were violated." (Doc. 10 at 1). From this argument, the Court discerns that the court and Petitioner's attorney counseled him on the waiver of direct appeal without advising also him about habeas relief.

Petitioner also seeks tolling because the New Mexico Corrections Department ("NMDC") implemented a policy prohibiting inmates from providing legal advice. *Id.* at 2. Construed liberally, the show-cause response implicates equitable tolling and statutory tolling under 28 U.S.C. § 2244(d)(1)(B) (unconstitutional state impediment to filing). The Court will discuss each type of tolling, along with Petitioner's arguments on the merits of his conviction, below.

**A. Equitable Tolling**

Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d at 1220. "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). The inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quotations omitted).

The show-cause response does not meet this standard. There is no indication that

4

Petitioner took steps to seek habeas relief before the limitation period expired on February 7, 2013. Petitioner alleges that he was not advised about habeas relief at sentencing, and that the prison barred inmates from giving legal advice. The Court is sympathetic to Petitioner's circumstances, which cause many *pro se* inmates to miss the federal deadline. Unfortunately, however, the Tenth Circuit is adamant that ignorance of the law cannot excuse an untimely habeas filing. *See Marsh*, 223 F.3d at 1229 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Taylor v. Wade*, 789 F. App'x 674, 677 (10th Cir. 2019) ("[N]either [petitioner's] misapprehension of the law nor his … claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition."); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling."); *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) (same).

To the extent that Petitioner argues that plea counsel was ineffective, tolling still is not warranted. To obtain equitable tolling based on ineffective assistance, the attorney's actions must be "[p]articularly egregious, … such as repeated, deceitful assurances that a habeas petition would soon be filed." *Trujillo v. Tapia*, 359 F. App'x 952, 955 (10th Cir. 2010) (citing *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007)). *See also Montoya v. Milyard,* 342 F. App'x 430, 432 (10th Cir. 2009) (equitable tolling is available only where an attorney "affirmatively misled his client"); *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) ("[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."). Counsel notified Petitioner about the direct-appeal waiver in his plea agreement without discussing habeas relief, which does not qualify as egregious deceit. *See*

5

*Montoya,* 342 F. App'x at 432 (equitable tolling was unavailable based on "counsel's failure to notify [petitioner] of the [habeas] statute of limitations"). Accordingly, the show-cause response fails to establish grounds for equitable tolling.

  **B. Statutory Tolling**

  To take advantage of § 2244(d)(1)(B), a petitioner must "allege specific facts that demonstrate how [the state action] … impeded his ability to file a federal habeas petition." *Weibley v. Kaiser*, 2002 WL 31478974, *3 (10th Cir. 2002). The petitioner must show that the state action actually prevented him from filing a federal petition, rather than just discouraging him from doing so or making the process harder. *See, e.g., United States v. Thody*, 460 F. App'x 776, 780-781 (10th Cir. 2012) (rejecting statutory tolling argument where petitioner was not actually prevented from filing a habeas petition, even though he thought it would be useless because of a detainer). For example, the Tenth Circuit recently declined to apply statutory tolling where the lack of legal resources in prison did not "actually prevent[] the inmate from filing his [habeas] application." *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020), *cert. denied*, No. 20-6286, 2021 WL 78379 (U.S. Jan. 11, 2021). In that case, Petitioner did not learn about his habeas claims until years after his conviction, due to a variety of circumstances. *Id.* The Tenth Circuit explained: "the fact that Petitioner did not inquire into the nature of his sentences or conduct legal research until [after the one-year period] is not attributable to the state." *Id.*

  The same result is required here. Plea counsel and the state court failed to explain habeas relief, and NMCD barred inmates from dispensing legal advice, but none of those parties actually prevented Petitioner from filing a timely federal petition. Allowing statutory tolling here because Petitioner did not learn about federal habeas relief until after the one-year period would contravene

6

the well-settled Tenth Circuit rule that ignorance of the law cannot excuse an untimely filing. Petitioner is therefore not entitled to tolling under § 2244(d)(1)(B) based on an unconstitutional state impediment to filing.

### B. Merits Arguments

Finally, Petitioner asks the Court to accept his untimely habeas filing because the state violated double jeopardy principles and because his 2012 plea was involuntary. (Doc. 10 at 2-4). A petitioner "must show that he can satisfy the procedural requirements of" § 2244(d), including timeliness, "[b]efore [the Court can] address[] the merits of [his] claims." *United States v. Greer*, 881 F.3d 1241, 1244 (10th Cir.), *cert. denied*, 139 S. Ct. 374 (2018). Because this action is untimely, the Court has no authority to consider the merits of Petitioner's habeas arguments.

### IV. Conclusion

Petitioner's show-cause response – which the Court evaluates as though it were filed by the November 1, 2019 deadline – does not establish grounds for tolling. The one-year limitation period expired on February 7, 2013, and the 2019 Petition thus is time-barred. The Court declines to reopen this case and will deny the Motions to Reconsider (Docs. 8, 10). To the extent necessary, the Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS THEREFORE ORDERED** that Petitioner's Mark Bradford's Motions to Reconsider (**Docs. 8, 10**) are **DENIED**; and a certificate of appealability is denied.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE